IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

USHANGO OWENS, :
:
Plaintiff, :
:
v. : Civ. Action No. 07-365-JJF
:
GOVERNOR RUTH ANNE MINOR, :
DELAWARE STATE EMPLOYEES, :
OFFICER FOX, OFFICER KIRKLIN, :
MAYOR JAMES BAKER, WILMINGTON :
HOSPITAL EMERGENCY, :
WILMINGTON POLICE DEPARTMENT, :
and, GANDER HILL PRISON HRYCI, :
:
Defendants. :

---

Ushango Owens, Pro se Plaintiff. Howard R. Young Correctional Institution, Wilmington, Delaware.

---

**MEMORANDUM OPINION**

February 21, 2008
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Ushango Owens ("Owens"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

For the reasons discussed below, the Court will dismiss the claims against Defendants Governor Ruth Ann Minner,[1] Delaware State Employees, Mayor James Baker, Wilmington Hospital Emergency, Wilmington Police Department, and Gander Hill Prison HRYCI as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against Defendants Officer Fox and Officer Kirklin.

## I. THE COMPLAINT

Plaintiff alleges that on February 8, 2007, Defendants Officers Kirklin and Fox ran him down with a state vehicle and "man handled" him. Plaintiff alleges that Kirklin and Fox used "excessive force, police brutality, racial profiling and harassment." (D.I. 2, at 2.) Plaintiff alleges that any grievances or complaints end with Defendant Governor Ruth Ann Minner. He alleges that the employees of the State of Delaware

[1]Incorrectly spelled as Minor in the caption of the Complaint.

are involved "due to their affiliation with [his] arrest process and being injured." Id. There are no allegations against the remaining Defendants.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing the screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint

must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, -F.3d-, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of

Allegheny, 2008 WL 305025, at *6 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

**III. ANALYSIS**

It is apparent in reading the Complaint that suit was filed against Governor Minner based upon her supervisory position. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's

constitutional rights. Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed. Appx. 240 (3d Cir. 2005).

The Complaint alleges that all grievances and complaints end with Governor Minner. The Complaint does not allege that Governor Minner was aware of the alleged constitutional violation but remained "deliberately indifferent" to Plaintiff's plight. Sample v. Diecks, 885 F.2d at 1118. Moreover, there are no allegations that Governor Minner was the "driving force [behind]" the alleged constitutional violations. As a result, the Court will dismiss the claims against the Governor Minner as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

As discussed, a defendant in a civil rights action must have personal involvement to be liable for alleged wrongs. Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)

(citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988)

Plaintiff's allegations against Defendant "Delaware State Employees" fails inasmuch as there are no allegations that this Defendant was personally involved in Plaintiff's alleged constitutional deprivation. Moreover, it is a nonsensical entity. Finally, there are no allegations against Defendants Delaware State Employees, Mayor James Baker, Wilmington Hospital Emergency, Wilmington Police Department, and Gander Hill Prison HRYCI and Plaintiff has made no showing that he is entitled to relief against these Defendants. As a result, the claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the claims against Defendants Governor Ruth Ann Minner, Delaware State Employees, Mayor James Baker, Wilmington Hospital Emergency, Wilmington Police Department, and Gander Hill Prison HRYCI for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)

and § 1915A(b)(1). The Court will allow Plaintiff to proceed against Defendants Officer Fox and Officer Kirklin. An appropriate Order will be entered.