IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(without prejudice)
Ushango Owens,   UCC 1-207, 1-308, 1-103.6 )
  Plaintiff,       )
     v.            )  Civil Action No. 07-365-JJF
~~Governor Ruth Ann Minner~~,  )
Delaware State Employees.   )
Robert Fox    et al.   )
              )
  Defendants,     )



Motion for the Appointment of Counsel

Plaintiff Ushango Owens, pursuant to § 1915, requests this court to appoint counsel to represent him in this case for the following reasons:

1. The plaintiff is unable to afford counsel. Competent Counsel

2. The issues involved in this case are complex.

3. The plaintiff, as a segregation inmate, has extremely limited access to the Law Library.

4. The plaintiff has a limited knowledge of the Law. Under the Laws of The United States of America £pursuant to Title 28 U.S.C.A. sec 1746(1) without the United States, In Propria Persona (Not Pro Se In Special Visitation

Date: March 3, 2008
1428 Moorish Calendar

Ushango:Owens-Ali Sui Juris
H.R.Y.C.I.
P.O. Box 9561
[illegible] DE 19809?

# MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

FILED
MAR - 6 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Statement of the Case

This Is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for the the unconstitutional misuse of force, the denial of due process in subsequent pretrial & trial ~~disciplinary~~ proceedings, and the denial of adequate medical care for injuries inflicted during the misuse of force. The plaintiff seeks damages as to all claims and an injunction to ensure proper medical treatment.

## Statement of Facts

The Complaint alleges that the plaintiff was assulted by several wilmington police officers, receiving a number of injuries including a more worse injury to broken hand which was healing at the time of incident. He was taken to a hospital where his hand was x-rayed and recast; the doctor also check for other bodily injuries due to a patrol car hitting plaintiff. The doctor then gave intructions to remove cast after four weeks and to provide the plaintiff with a course of physical therapy as needed. The cast was not removed for seven weeks and no physical therapy or evaluation for phusical therapy has been performed. The Plaintiff was convicted at trial for resisting arrest (felony) and other drug offenses.

Statement of Facts contn.

The plaintiff's request to call as witnesses inmates and citizens who were present at the time of incident weren't given adequate disclosure to prepare for trial. The plaintiff was convicted of all charges at trial despite having the opportunity to have competent representation, impartial jury, preparation, pertinent witnesses, corpus delicti, suppression hearing, etc. The officers statements in affidavit were made knowingly and intentionally, or with reckless disregard for the truth. From the time of incident, to trial until now plaintiff have also given unjust punishment pertaining to all inmates rights in the penal institution. The plaintiff charges the Warden and his Staff violation of his eight amendment rights due to unjust and unsanitary conditions. Over crowdedness due to three inmates in a one or two man cell. Poor medical, costly expenditures for inmates on legal material, legal mail and regular mail. Lack of legal law library attendance etc, etc.

## The Court Should Appoint Counsel For The Plaintiff

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of indigent to investigate the facts, the existence of conflicting testimony, the ability of the indegent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S.Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. Factual complexity. The plaintiff alleges that several Wilmington police officers physically abused him, while others stood by and watched. He also asserts that certain police supervisors were on notice of the violent propensities of some of those officers and did nothing about them. He challenges the inadequate medical care after the incident by medical staff at the Wilmington hospital emergency room and Gander Hill Prison. Finally, he claims due process by a tribunal officer and warden of the state as well. The sheer number of claims and defendants makes this a factually complex case.

In addition, one of the plaintiff's claims involves the denial or inadequate medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Tucker v. Randall, 948 F.2d 388 (7th Cir. 1991)

2. The plaintiff's ability to investigate. The plaintiff is locked up in punitive segration and has no ability to investigate the facts. For example, he is unable to identify, locate and interview the citizens in society who were witnesses to the misuse of force. Also there are two inmates who were on the streets who saw some or all of the misuse of force at the time of incident. He is in the same situation as an inmate who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 388, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D. Wis. 1984). In addition, the case will require considerable discovery concerning the identity of witnesses, the officers' reports and statments about the incident.

the history of the offices with prior records of misuse of force, and the plaintiff's medical history. See Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (W.D.Wis. 1985) (need for discovery supported appointment of counsel). (Or in propria persona (Not Pro Se))

3. Conflicting testimony. The plaintiff's account of his beating by officers is squarely in conflict with the statements of the officers. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such citizen witness as well as inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F.Supp. 270 (W.D.N.Y. 1988).

4. The ability of indigent to present his claim. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). In addition, he is confined to segregation with very limited access to legal materials. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack of ready access to a law library as a factor supporting appointment of counsel).

5. Legal complexity. The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which

defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater skill than the plaintiff has or can develop. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), cert. denied, 112 S.Ct. 1995 (1992). (Or deemed In Propria Persona Not Pro Se)

6. Merit of the case. The plaintiff's allegation, if proved, clearly would establish a constitutional violation. The unprovoked and injurious beating alleged in the complaint cleary states an Eighth Amendment violation. See Hudson v. McMillian, ___ U.S. ___, 112 S.Ct. 995, 1000 (1992). The allegations of inadequate medical care amount to "intentionally Interfering with treatment once prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976).

I am not knowledgeable in the law and I am without competent counsel. I deny miranda attorney for it cannot represent Propria Persona and is admission to the jurisdiction of Territorial Statutory Maritime jurisdiction, tacit not withstanding.

# AFFIDAVIT OF SERVICE

STATE OF DELAWARE } (Delaware State Republic)
NEW CASTLE COUNTY } ( Territory )

(without prejudice)   ss.   07-365-JJF

Ushango: Owens-Ali UCC 1-207, 1-308, 1-103.6

ex rel. Ushango Owens, being duly sworn, deposes and says:

1. I am the plaintiff in the above entitled case.

2. The complaint in this case alleges that the plaintiff was subjected to the misuse of force by several Wilmington police officers, some of whom actively beat and kicked him and others of whom watched and failed to intervene. It alleges that supervisory officials were aware of the violent propensities of some of the officers and are liable for failing to take action to control them. The plaintiff was subsequently denied due process by a supression hearing or in the tribunal. The plaintiff was given inadequate medical care by the emergency Wilmington hospital and by the prison medical administration.

3. This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants.

4. The case involves medical issues

may require expert testimony.

5. The plaintiff has demanded a jury trial.

6. The case will require discovery of documents and depositions of a number of witnesses.

7. The testimony will be in sharp conflict, since the plaintiff alleges that the officer assulted him, while the defendants in their affidavit reports asserted that he resisted arrest & assaulted them.

8. The plaintiff has only a high school education and has no legal education.

9. The plaintiff is serving a sentence in punitive segregation. For this reason he has very limited access to legal materials and has no ability to investigate the facts of the case, for example, by locating interviewing the other witnesses who were eye witnesses to his beating.

10. As set forth in the Memorandum of Law submitted with this motion, these facts, along with legal merit of the plaintiff's claims support the appointment of counsel to represent the plaintiff. To wit, ( I revoke all direct or indirect delegation of power of attorney (right to represent me in a legal proceeding) to anyone else, absolutely.

WHEREFORE, the plaintiff's motion for the appointment of counsel should be granted. (As to assistance or investigative purposes as the exception.) Under the Laws of The United States of America {pursuant to Title 2 U.S.C.A. sec. 1746(1)} Ushango Owens without the United States

*Ushango Owens*

Sworn to before me this
21 day Sept, 2002

*[signature]*
Notary Public

Exp. 3/12/09