# AFFIDAVIT FOR CIVIL RIGHTS COMPLAINT

## UNITED STATES DISTRICT
## NORTHERN DISTRICT OF DELAWARE REPUBLIC

(without prejudice)   UCC 1-207, 1-103.6, 1-308 §
Ushango Owens (Misnomer) §
     Plaintiff, §
§
§ Civil Action No.: 07-365-JJF
     -against- §
§
§
Robert Fox, Officer Kirlin, Delaware §
State Employees, et al. sued in their §
individual and official capacities §
§
     Defendants. §

**FILED**
MAR - 6 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Preliminary Statement

This is a civil rights action filed by Ushango Owens-Ali ex rel. Ushango Owens, In propria persona, sui juris, a political prisoner, for punitive damages, declaratory judgement relief, compensatory damages, and injunctive relief under 42 U.S.C. § 1983, alleging excessive use of force and inadequate medical care in violation of the Eight Amendment, Fifth Amendment violation, Due process equal protection, Fifth Amendment Violation lack of just compensation, Thirteenth Amendment Violation, involuntary servitude by force of arms and imminent threat of violence KIDNAPPING/MANSTEALING Exodus 21:16, LAND PIRACY, TRAFFICKING IN PERSONS, 28 CFR Chapter II Violation Of Public Trust, Sixth Amendment Violation Remedies for deprivations. Nature and Cause of Accusation. UCC 1-201.26 "Color Of Law" 42 U.S.C. §

to the United States Constitution and confinement in violation of the Due Process Clause of the Amendment to the Constitution. The plaintiff also alleges the torts of assault, battery, excessive force, police brutality, discrimination, degradation, racial profiling, slander, denigration, fraud, sedition and treason and negligence.

Jurisdiction

1. The court has jurisdiction over the claims of violation of federal constitutional rights reserving all rights "without prejudice" UCC 1-207, pursuant under 42 U.S.C. §§ 1331(a) and 1343 UCC 1-201. 37. (an obligation, a statutory Lien of "security interest" UCC 9-102(a)(73))

2. The court has supplemental jurisdiction over the plaintiff's/creditor's/secured parties' state law tort claims under 28 U.S.C. §§ 1367 with all rights reserved "without prejudice" UCC 1-207.

3. The plaintiff, Ushango: Owens-Ali ex rel. Ushango Owens, is incarcerated at H.R.Y.C.I. after events described in this complaint until this present date.

4. Defendants, Officer Robert Fox, Officer Kirlin, Ptlm Delco, Cpl. Snyder, and Sgt. Kurten are Wilmington Police Department Officers (implied police powers) employed at New Castle County Inc. They are being sued in their individual capacities.

5. Dr. Burgess, Defendant, is the Wilmington Hospital Emergency medical physician and

is generally responsible for ensuing inadequate medical treatment of broken right hand, bruises and injuries due to vehicular assault, assault and battery as well as excessive force. By duress and coercion from the Wilmington Police Department, Dr. Burgess administered rushed, negligent treatment so that by force of arms by the Wilmington Police Department can transport plaintiff to central for further processing. Dr. Burgess is being sued in his/her individual and official capacity.

6. Defendant Mr. Emmitt is the Deputy Warden acting Warden for Security at H.R.Y.C.I. and is in charge of the supervision and discipline of all correctional staff at H.R.Y.C.I. (Gander Hill) sued in his individual capacity.

7. John Doe is the Medical Admininstrator at H.R.Y.C.I. and is generally responsible for ensuing the provision of medical care to prisoners and specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluation. He/She is being sued in his/her individual and official capacities.

8. John Doe is the correctional lieutenant at H.R.Y.C.I. and is responsible for conducting displinary hearings for prisoners accused of breaking prison rules. He is being sued in his individual capacity.

9. John Don is the Director for the Livigenics Treatment Program at H.R.Y.C.I. He is responsible for licensed Staff administer Drug and Alcohol treatment to prisoners in programs. He is being sued in his individual

capacity.

10. Defendant Kadiata Sillah B.S. is the transitional specialist for the Livigenics 6 for 1 Program. She is responsible for administering treatment to unsentenced prisoners in a pretrial program and movement. She is being sued in her individual capacity.

11. Defendant John Doe is the warden for H.R.Y.C.I. and is responsible for reviewing all administrative appeals of disciplinary charges filed by H.R.Y.C.I. inmates. He is being sued in his individual and official capacities.

12. All the defendants have acted, and continued to act, under color of state law at all times relevant to this complaint.

## Misuse of Force Facts

13. On February 8, 2007, at about 1:30 pm, defendant Sgt. deployed two taser projectiles departmentally issued, which struck affiant's upper body. Two five second burst which had no effect.

14. Sgt. Kurten struck affiant twice with departmentally issued baton on the back of affiant's upper legs.

15. Fear for Affiant's life, absent Fourth Amendment Warrant, attacked by force of arms, implied police powers violating public trust Affiant made an effort to safeguard his personam.

Denial of Due Process

16. Since February 8, 2007, Plaintiff claims that his constitutional rights have been violated via public servants state judge, stat prosecutor, and defense attorney. 42 §§ 1985, 1986. The suit is in their official and individual capacities. Qualified immunity does not protect private parties who are acting under color of law. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727. (1982). Once due process is denied all jurisdiction ceases as per your very own 5 USC §§ 556 (d), 557, 706. Judges have no immunity as per your own Owen v. City of Independence, 100 S. Ct. 1938; Maine v. Thiboutout, 100 S. Ct. 2502; and Hafer v. Melo, 502 U.S. 21. Crime of treason and sedition is overt and done under "color or law". Fringe on Court flag (Military Courtrooms) The law of the flag tells that the colors (flag) flown in any forum/on any vessel dictates the law form and jurisdiction under which that entity is conducting business. Original legislation describing the American Flag is found at Title 4 USC, Chapter 1, Sections 1, 2, and 3. Flags not meeting these exact specifications are expressly excluded as American flags. The flag that flies in today's courtrooms is not the American flag described in Title 4, but rather a gold fringed, (See Army Regulation 840-10 and 260-10, 34 Ops. Atty. Gen. 83, and Presidential Executive Order 10834 of August 21, 1959. Per Army Regulation, only in military courtrooms are such flags flown.), military flag of war

enforcing the private, general equity, admiralty/maritime law of the same merchant bankers and shippers who swindled America's gold, and bankrupted and conquered the U.S. Government between 1907 (Money Panic of 1907) and 1933 (depletion of gold stocks and repudiation of obligations, i.e. could not make good on promise for redeeming gold certificates = insolvency/bankruptcy). "Placing of fringe on the national flag/ the dimensions of the flag, and arrangement of the stars are matters of detail not controlled by statue, but within the discretion of the president as commander-in-chief of the army and navy." 34 Ops. Atty. Gen. 483 (1925). American courtrooms are stacked with foreign military personnel (esquires), in request of a military objective (mission statement of the bar association) doing battle with enemies (debtors) of the Crown (creditor) and extracting war reparations ("war contributions/taxes) from belligerents (American sureties) in the field (battleground/ colonies). By law, any courtroom flying a military flag is a military courtroom/tribunal under martial-law rule. Martial-law rule has been the normal operating condition in America since 1861, when rulership devolved into the hands of the "President of the United States" in his capacity as Commander-in-chief of the military. Admiralty is a unique jurisdiction in that it carries criminal penalties for civil offenses — the only jurisdiction where military might is employed

to enforce private contracts. Under martial law the accused is guilty until proven innocent, and a judge (master of the ship/vessel) rules summarily in an "administrative" proceeding without a jury, as it is done in traffic and misdemeanor cases in America. In such matters the customer has two choices: (1) appear before a bench officer and attempt to prove himself innocent; (2) simply concede guilt and mail in the payment. Failure to convene a jury for felony/felonies and certain other circumstances can make for too much bad publicity, and so is avoided

Claims for Relief.

17. The actions of defendants Fox, Kirlin, Deleo, Snyder, Kurten in using force of arms, physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

18. The actions of defendants Fox, Kirlin, Deleo, Snyder, Kurten in using physical force against the plaintiff without need or provocation constitution the tort of assault and battery under the law of Delaware Republic.

19. The failure of defendant Lieutenant M/Sgt Morrissey was immediately notified of the use of force yet failure to take disciplinary or other action to curb known pattern of physical abuse of citizens by defendant

Fox, Kirlin, Deleo, Snyder, Kurten constituted deliberate indifference, and contributed to and proximately caused the above described violation of Eighth Amendment rights and assault and battery.

20. The actions of defendant Mary M. Johnston in refusing to overturn, vacate and void the plaintiff's PWITD, P 300 ft of a part, P 1000 ft of a school, resist arrest conviction despite her knowledge of the above due process violations, and (Affidavit of Propria Persona Special Appearance De Bene Esse, Non Grant Executory In Personam and Abatement Per Rule 12 (b).) constituted deliberate indifference and further denied the plaintiff due process of law in violation of the fourth, fifth, sixth, seventh, eighth Amendment of the United States Constitution.

21. The actions of defendant Kester I. Crosse to refusing to call witnessness, filing the proper motions and requested by ~~defendant~~ the plaintiff, finding him guilty without 'corpus delicti' or no evidence to support those fraudulent charges, and providing an inadequate warrant, indictment or disposition of the charges denied the plaintiff the due process of law in violation of IV, V, VI, VII, VIII, IX and X Amendments of the Constitution of United States Constitution.

22. The failure of defendant Dr. Burgess of the E.R. Wilmington Hospital to provide for the recast and removal of the plaintiff's hand cast, follow-up examination and treatment of his broken hand, and physical therapy for his hand, constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth

Amendment to the United States Constitution.

23. The failure of defendant Dr. Burgess to provide for the removal of the plaintiff's ~~ankle~~ hand cast, follow-up examination and treatment of his broken hand, and physical therapy for his hand, constitutes the tort of negligence under the law of Delaware Republic.

Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The physical abuse of the plaintiff by defendants Fox, Kirlin, Deleo, Snyder and Kurten violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

2. Defendant Lieutenant M/Sgt Morrissey's failure to take action to curb the physical abuse of citizens violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

3. Defendant's ~~M~~ Brian J. Robertson's (prosecutor) actions in conducting unauthorized practice of law committee, the Bar Terrorists led by the Superior Court of Delaware, the plaintiff's pretrial and trial hearing, and Defendant ~~as~~ Kester I. Crosse's actions of ineffective assistance of counsel absent of filing the proper

motions, and defendant Mary M. Johnston's actions in sustaining it, violated the plaintiff's rights under the Due Process Clause of the fifth Amendment to the United States Constitution.

    4. Defendant Dr. Burgess's actions in failing to provide adequate medical care for the plaintiff violated, and continue to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunctive ordering H.R.Y.C.I. or its agents to:

    1. Immediately arrange for the plaintiff's hand to be rebroken and set right as to it's healing, to be X-rayed, to be reexamined, by a qualified physician;

    2. Immediately arrange for the plaintiff's need for physical therapy or follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration of function of broken bones in the hand;

    3. Immediately arrange for plaintiff's need for follow-up medical treatment to and restoration of bridge (row of teeth) missing to be replaced by a expertise dentist practitioner;

    4. Carry out without delay the treatment directed by such practitioner.

C. Issue an injunction ordering defendant Mary M. Johnston to:

Reverse, vacate and void notwithstanding fines, charges, indictment, declared invalid by state tribunal based on constitutional violations, with restoration of all rights reserved "without prejudice" UCC 1-207, priviledges and immunities;

2. Expunge the convictions (C.A.No.: 070200781) in this complaint from the plaintiff's tribunal record.

D. Award compensatory damages in the following amounts: $166,909.00 jointly and severally against defendants Fox, Kirlin, Deleo, Snyder and Kurten for the physical and emotional injuries sustained as a result of the plaintiff's beating.

2. $250,000.00 jointly and severally against defendants Robertson, Crosse and Johnston for the punishment and emotional injury resulting from their denial of due process in connection with the plaintiff's pretrial and trial proceedings.

3. $10,000 jointly and severally against Dr. Burgess of Wilmington Hospital E.R. and John Doe of the Medical Administrator at H.R.Y.C.I. for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

E. Award punitive damages in the following amounts:
1. $33,381 each against defendants Fox, Kirlin, Deleo, Snyder and Kurten;
2. $83,333 each against defendants Robertson, Crosse, and Johnston;

3. $10,000 each against defendants Dr. Burgess and John Doe.

F. Grant such ~~added~~ other relief as it may appear that plaintiff is entited.

These facts and presentments in this Affidavit on behalf of the Living Soul, Ushango: Owens-Ali, are a true and correct representation of the facts and this concludes my Affidavit. This Affidavit is sworn to under penalties of perjury under the Common law of the United States of the America and without the United States.
All rights reserved.

Notice To Principal Is Notice To Agent: Notice To Agent Is Notice To Principal

Under the Laws of The United States of America pursuant to Title 28 U.S.C.A. sec. 1746 (1) without the United States

Date: March 3, 2008
1428 Moorish Calendar

Respectfully Submitted,
Ushango: Owens-Ali, Sui Juris
UCC 1-207, § 1-308, 1-103.6 Without prejudice
c/o H.R.Y.C.I. rights reserved,
P.O. Box 9561
Wilmington Territory
Delaware Republic [19809]
Ex rel. Ushango Owens

Ushango: Owens-Ali ex rel. Ushango Owens SBI # 240623
H.R.Y.C.I.
P.O. Box 9561
Wilmington Territory
Delaware Republic Near [19809]



Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington Territory
Delaware Republic
Near [19801-3570]

