AFFIDAVIT OF Civil Rights Complaint In State-Alien /State-Citizen DIVERSITY-CLAUSE Suit quasi In Rem

Ushango: Owens-ALi (In Propria Persona, In Special Visitation) Ex rel. USHANGO OWENS
                    Plaintiff,

                                                CA 07-365 JJF

        -against-
                                                COMPLAINT
Robert Fox, STATE OF DELAWARE,
(Corporate Entity) et al.
                                    Jury Trial Demanded
        Defendants.

Preliminary Statement

This is a civil rights action filed by Ushango: Owens-ALi ex rel. Ushango Owens, a state prisoner, for damages and injunctive relief under 42§ U.S.C. §§§ 1983, alleging (1985 & 1986) excessive use of force, unconstitutional acts, RICO, 18 USC §§ 241/242, FRAUD, Treason, Sedition, Felony Breach of Fiduciary duty, denial of due process, conspiracy to overthrow the constitution for the United States Of America, torture, Land piracy, kidnap, terroristic threat in the nature of middle temple of the crown extortion, absent "corpus delicti", state court (lower court) operating outside the geographical venue UCC (Uniform Commercial Code) 1-103.6 commands the court to retain Common Law rights and remedies,

pg. 2

and the statues must be "construed in harmony with the Common Law. Involuntary servitude, racketeering, the private corporation of New Castle County, Wilmington Territory through unlawful actions committed by its Officers and Personnel under its 'contract' and claimed authority - seized my private property 'under a color-of-law' UCC 1-201.26 and without due process of Law; nor with fair or just notification or compensation, as commanded by the Law; causing me the loss of the rightful, lawful, and Substantive Right to use and to possess my private property; denationalization, excessive fines and bail, and denial of inadequate medical care by (CMS), Wilmington Emergency (Christiana Care) in violation of the Eight Amendment to the United States Constitution and confinement involuntary servitude in violation of the Due Process Clause, a collective violation of the IV, V, VI, VII, VIII, IX, X and (or excluding) the Fourteenth Amendment to the Constitution. The Plaintiff/Petitioner/Libelee also alleges the torts to assault, vehicular assault and battery, and negligence.

Jurisdiction

1. The court has jurisdiction over plaintiffs' claims of violation of federal constitutional rights under 42 U.S.C. § 1331(a) 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

3. The Plaintiff seeking federal jurisdiction

pg. 3

against a State under the state-citizen or state-alien diversity clause would be asserting a cause of action based on state law, since a federal question or admiralty claim would provide an independant basis for jurisdiction that did not depend on the identity of the parties. To read the two clauses to abrogate the state-law sovereign immunity defense would be to find in Article III a substantive federal limitation on state law. Although a State previously could create a cause of action to which it would itself be liable, this same cause of action now could be used (at least by citizens of the other States or aliens) in federal courts to sue the State itself. This was a particularly troublesome prospect to the States that had incurred debts, some of which dated back to the Revolutionary War. The debts would naturally find their way into the hands of noncitizens and aliens, who at the first sign of default could be expected promptly to sue the State in federal court. (see Altascadero State Hosp. V. Scanlon 473 U.S. 262, 105 S.Ct. 3142 (1985).

4. The plaintiff, Ushango Owens-Ali ex rel Ushango Owens, was incarcerated at H.R.Y.C.I. ("GanderHill") after and during the events discribed in this complaint.

5. Defendants Robert Fox, Ptlm. Delco, Cpl. Snyder, Sgt. Kurten, Officer Kirlin, Lt. M/Sgt. Morrissey are all Wilmington Police Department Officers employed at the Public Safety Building. They are being sued in their individual capacities.

6. Defendants John/Jane Doe are correctional

pg. 4

officers employed at H.R.Y.C.I. whose name is presently unknown to plaintiff. They are being sued in their individual capacities. 7. Defendant John Doe is the Deputy Warden for security at H.R.Y.C.I. and is in charge of the supervision and discipline of all correctional staff at H.R.Y.C.I.. He is sued in his individual capacity.

8. Defendant John Doe is the Medical Administrator at H.R.Y.C.I. (CMS) and is generally responsible for ensuring the provision of medical care to prisoners and specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluation. He is being sued in his individual and official capacities.

9. Defendant John/Jane Doe is the Deputy Warden for Administration at H.R.Y.C.I. and is in charge of transportation of prisoners to medical appointments. He/She is being sued in his/her individual and official capacities.

10. Defendant John Doe is a correctional lieutenant at H.R.Y.C.I. and is responsible for conducting disciplinary hearings for prisoners accused of breaking prison rules. He is being sued in his individual capacity.

11. Defendant Phil Morgan is the warden of H.R.Y.C.I. and is responsible for reviewing all administrative appeals of disciplinary charges filed by H.R.Y.C.I. inmates. He is being sued in his individual and official capacities.

12. Defendant Kadiatta Sillah (B.S.) is the Transitional Specialist for the 6 for 1 pretrial Civigenics program, and is responsible for movement and counseling-

pg. 5

inmates in the Civigenics Program. She is being sued in her individual capacity.

13. Defendant John Doe is the Program Director MS, CADC for the Civigenics Program and is responsible for Administration at H.R.Y.C.I in the Civigenics Program and Clinical licensed theraputic community. He is being sued in his individual capacity.

14. Defendant Dr. Burgess is employed at Wilmington Hospital Emergency (Christiana Care) and is responsible for administering proper adequate medical care to injured or medically ill clients/patience. She is being sued in her individual and official capacities.

15. Defendants Mary M. Johnston, Brian Robertson and Kester I.H. Crosse employed by British corporations; Esquires are military officers of the Crown (a front for Federal Reserve/IMF) carrying out the overall mission of the bar. They are being sued in their individual and official capacities.

16. Defendant "The State of Delaware" and not the (Delaware State Republic) is a Federal Territory (District of Columbia) Corporate Entity. They are being sued in their individual or official capacity or which ever the court deems appropriate.

17. All the defendants have acted, and continue to act, under color of state law UCC 1-201.26 and under the guise of fraudulent colorable admiralty jurisdiction, at all times relevant to this complaint.

pg. 6

## Facts

18. On February 8, 2007, the Plaintiff was assaulted by Wilmington Police Officers, excessive force, battery with departmentally issued batons, and assaulted by marked police vehicle.

## Misuse of Force

19. Shortly after these events, Defendant Fox accompanied by Defendants Deleo, Kurten, Kirlin, Puit, carrying batons used excessive force when plaintiff was already in fetters and immobilized.

20. After the above described assault the plaintiff was taken to the Emergency at Wilmington Hospital, where he received x-ray, sutures for a few bruises and lacerations, and a recast of his broken right hand.

## Denial of Due Process

21. The Plaintiff was given inadequate treatment by Dr. Burgess; further harassed by other adjoining police officers.

22. Shorty after being released from the hospital, plaintiff was then rushed off transported to central booking for processing (turn key).

23. Later on that evening plaintiff went before

pg. 7

a court #20 magistrate/commissioner via video communication. Standing on my 6th Amendment right to be informed of the 'nature and cause of the accusation'. The judge then asked plaintiff a series of questions about nature, cause and while avoiding jurisdiction (see Court #20 transcripts). The plaintiff answered "NO" to understanding the nature of the charges brought against him. The judge did not informed plaintiff of the colorable fraudulent jurisdiction which was needed to proceed on with the case. The court cannot legally proceed against the plaintiff until he acknowledges the charges (explictly) and the court's jurisdiction (implicitly).

24. Shorty after my 6th amendment right was violated plaintiff was booked and transferred to H.R.Y.C.I. and committed to involuntary servitude.

25. H.R.Y.C.I. (CMS) medical staff after numerous sick call slips gave inadequate medical care to plaintiff and broken hand had healed crooked.

26. On February 20, 2007, plaintiff had a preliminary hearing on C.A. No.: 0702007817 before Judge Alex J. Smalls. Even though Gerard Spadaccini, Esq., (Public Defender) stood in plaintiff's stead, plaintiff did not wish to surrender personam by accepting miranda attorney unconscionably bringing personam into or under fraudulent colorable maritime/admiralty jurisdiction. Plaintiff's Constitutional rights were violated at preliminary hearing. Excessive bail, improper venue,

pg. 8

absence of a sworn Affidavit, lack of 'Corpus Delicti', no injured party. (see Court of Common Pleas transcripts).

27. On March 19, 2007, the plaintiff was absent of being present at grand jury indictment and absence of a lawfully required 'true bill' indictment from a legitimate grand jury, due to the accusation of the 'crime'.

28. On March 27, 2007, held in front of judge Michael P. Reynolds Plaintiff was denied bail reduction and violation of his eighth amendment rights.

29. Since then up until the present date Plaintiff have been denied all due process rights.

30. While incarcerated in the H.R.Y.C.I. Plaintiff has been mentally, physically, spiritually, and emotionally molested by it's staff since his commitment on February 8, 2007.

Denial of Medical Care

31. Plaintiff was informed By Dr. Burgess on February 8, 2007, the emergency room physician on duty, that his hand would remain in a 'half' cast until seen by a specialist, properly cast and then require a course of physical therapy to regain full use of it.

32. A few months later of untimely medical attention and neglect, Plaintiff was finally transported to Christiana Care in Newark hospital for further x-rays. Specialist then informed Plaintiff would have been seen earlier on then Plaintiffs hand may have been rebroken to heal correctly.

pg. 9

Claims for relief

33. The actions of Defendants Robert Fox, Puit, Deleo, Snyder, Kurten, Officer Kirlin, and Morrissey in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and construed cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

34. The actions of defendants Robert Fox, Puit, Deleo, Snyder, Kurten, Officer Kirlin, and Morrissey in using physical force against the plaintiff without need or provocation constituted the tort of assault and battery under the law of Delaware State Republic Title 28 § 1367.

35. The failure of defendant Morrissey to take disciplinary or other action to curb the known pattern of physical abuse of Delaware State Republic non-resident aliens by defendants Fox, Puit, Deleo, Kurten, and Kirlin constituted deliberate indifference, and contributed to and proximately caused the above described violation of Eighth Amendment rights and assault and battery.

36. The actions of defendant Kester I.H. Crosse in refusing to effectively represent plaintiff via pretrial and trial proceedings with prejudice, finding him guilty regardless of lack of subject matter jurisdiction, the lack of personam-jurisdiction, the lack of Due Process, lack of an injured party (Corpus Delicti), with no evidence to support the charge, and

10 pg.

providing an inadequate defense, Esquire sworn unregistered foreign agent under the government of the United Kingdom of Great Britian and Northern Ireland posing as a defense attorney to maliciously deceive and coerce plaintiff into commercial/pecuniary charges later to be unlawfully violating plaintiffs constitutional rights.

37. The actions of defendant Mary M. Johnston in refusing to dismiss or overturn the plaintiff's trial conviction, despite her knowledge of the above described due process violations, constituted deliberate indifference and further denied the plaintiff the due process of law in violation of the Constitution to the United States.

38. The failure of defendants Dr. Burgess, Dr. John Doe and Dr. John Doe (CMS administrator) to provide for the removal, recast, of the plaintiff's hand cast, follow-up examination in a timely manner and treatment of his broken hand, and physical therapy for his hand, constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

39. The failure of defendants Dr. Burgess, Dr. John Doe and Dr. John Doe (CMS administrator) to provide for the removal of the plaintiff's hand cast, follow-up examination and treatment of his broken hand, and physical therapy for his hand, constitutes the tort of negligence under the law of Delaware State Republic 28 USC. § 1367.

40. The actions of defendant "The State of

pg. 11

Delaware "(Corporate Entity) alter-ego, is a unique, artificial person (citizen)", a legal entity distinct from the Delaware State Republic. The plaintiff has been politically and financially ravaged because he unconscionably did not know of the public-persona STRAW MAN and bankrupt governments; The bankrupt government without ever openly disclosing the practice and siphoning wealth from plaintiff a sovereign Delaware Republic non-resident alien, and converging such proceeds into the coffers of their creditors, the masters of the Federal Reserve/IMF syndicate. Plaintiff cannot be compelled to perform under any contract under colorable admiralty, in default of paying off any phony "so called" debt that Roosevelt racked up since 1938; these are criminal actions and violations of plaintiffs rights to the United States Constitution. The plaintiff has the right to argument of recourse and remedy, under UCC 1-103 & UCC 1-203.

Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:
1. The physical abuse of the plaintiff by defendants Robert Fox, Deleo, Puit, Snyder, Kurten, Officer Kirlin and Morrissey violated plaintiff's rights

pg. 12

under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

2. Defendant Morrissey's failure to take action to curb the physical abuse of ~~prisoners (a~~ Delaware State Republic non-resident aliens) violated the plaintiff's rights under the Eight Amendment to the United States Constitution and constituted an assault and battery under state law.

3. Defendants Brian Robertson's actions in legal misconduct in conduct-ing the plaintiff's trial and pretrial hearing, and defendant Mary M. Johnston's actions in presiding over the fraudulent non-impartial trial, violated the plaintiff's rights under the Eighth Amendment under the Due Process clause to the United States Constitution.

4. Defendant Dr. Burgess's, Dr. John Doe's (CMS) and Dr. John Doe's actions in failing to provide adaquate medical care for the plaintiff violated, and continue to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Dr. Burgess or Dr. John Doe (CMS) administrater or their agents to:
  1. Immediately arrange for the plaintiff's hand be x-rayed and be reexamined, by a qualified physician;
  2. Immediately arrange for the plaintiff's

pg. 13

need for dental work, teeth capped and replaced; physical therapy or other follow-up medical treatment of hand to be evaluated by a medical practitioner with expertise in the treatment and restoration of function of broken hands;

    3. Carry out without delay the treatment directed by such medical practitioner.

    C. Issue an injunction ordering defendant Mary M. Johnston to:

    1. Accept Writ of Error, plaintiffs Objection to the sentencing after his trial because although the facts of the case may have been decided, the real issue of Law are still in question.

    2. Remand C.A. No.: 0702007817 case back to the lower courts pending plaintiff's appeal for judge to reverse verdict and acquit.

    3. Admit a 'stay of execution' on plaintiff's Sentence and Fines because of fraud and unfair treatment plaintiff received by the lower court.

    D. Award compensatory damages in the following amounts: $250,000 jointly and severally against against defendants Robert Fox, Deleo, Snyder, Kurten, Kirlin, and Morrissey for the physical and emotional injuries sustained as a result of the plaintiff's beating;

    2. $500,000 and a forfeit of a years

pg. 14

; Salary jointly and severally against defends Mary M. Johnston, Brian Robertson and Kester I.H. Crosse for the punishment and emotional injury resulting from denial of due process in connection with the plaintiff's pretrial and trial proceedings.

    3. $50,000 jointly and severally against defendants Dr. Burgess of (Christiana Care) Wilmington Hospital, Dr. John Doe (CMS) administrater and Dr. John Doe (Christiana Care) Newark Hospital, for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

    E. Award punitive damages in the following amounts:

    1. $20,000 each against defendants Fox, Deleo, Puit, Snyder, Kurten, Kirlin, and Morrissey;

    2. $50,000 each against defendants Johnston, Robertson and Crosse;

    3. $100,000 against The State of Delaware (Corporate Entity);

    4. $10,000 each against defendants Dr. Burgess, Dr. John Doe (CMS) administrater and Dr. John Doe (Christiana Care) Newark Hospital.

    F. Grant such relief as it may appear that plaintiff is entitled.

Date: March    , 2008
Moorish Calendar 1428

Respectfully submitted,
By Ushango: Owens- Ali
Principal, By Special Visitation
In Proprio Persona proceeding
Sui Juris

C/o Osha Hudson
1208 Pearl St.
Wilmington Territory
Delaware Republic
Near [19801]

Alternate version of damage demand:
D. Award compensatory damages jointly and severally against:

    1. Defendants Fox, Deleo, Puit, Snyder, Kurten, Kirlin, and Morrissey for the physical and emotional injuries sustained as a result of the plaintiff's beating.

    2. Defendants Johnston, Robertson, and Crosse for the punishment and emotional injury resulting from their denial of due process in connection with the plaintiff's disciplinary proceedings.

    3. Defendants Dr. Burgess, Dr. John Doe, and Dr. John Doe (CMS) administrator, for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

    4. Defendant The State of Delaware, for physical, and emotional injury in conspiracy to commit fraud/treason.

    E. Award punitive damages against defendants The State of Delaware, Fox, Deleo, Puit, Snyder, Kurten, Kirlin, Morrissey; Johnston, Robertson; Crosse; Dr. Burgess, Dr. John Doe (CMS), Dr. John Doe (Christiana Care); John Doe, Jane Doe, John Doe (Deputy Warden), Phil Morgan; Kadiata Silloh, and Joe Doe (Civigenics Program Director).

I am not an expert in law however, I do know right from wrong. If there is any human being damaged by any statements herein, if he will inform me by facts I will sincerely make every effort to amend my ways. I hereby and herein reserve the right to amend and make amendments to this document as necessary in order that the truth may be ascertained and proceedings justly determined. If the parties given notice by means of this document have information that would controvert and overcome this Affidavit, please advise me IN WRITTEN AFFIDAVIT FORM within thirty (30) days from receipt hereof providing me with your counteraffidavit, proving with particularity by stating all requisite actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or conclusions of law, that this Affidavit Statement is substantially and materially false sufficiently to change to, and tacit approval of law. May the will of our Father, Allah, through his Noble Prophet, Drew Ali be done.

(without prejudice) UCC 1-207, 1-308,
Ushango: Owens-Ali 1-103.6, Sui Juris
by Ushango: Owens-Ali
Principal, by Special Visitation
In Propria Persona, proceeding
Sui Juris

Roddercik Johnson
NOTARY PUBLIC In and for the STATE
OF DELAWARE
My Commission expires:
6/4/0a

In Care of: Osha Hudson,
1208 Peal St.
Wilmington, Delaware Republic
postal Jcode: 197 Near [19801]

## 28 USC §1746

I hereby declare, under penalty of perjury, under the laws of the United States of America, without the United States (federal Government), that the foregoing is true and correct according to the best of my current information, knowledge and belief, pursuant to 28 U.S.C. 1746(1). Signed on this 25th day of the third month in the year two thousand eight. Moorish Calendar fourteen twenty eight.

*Ushango: Owens-Ali*
Ushango: Owens-Ali

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent by mail, postage prepaid, or hand delivered to the (DCUS) DISTRICT COURT of and for the UNITED STATES (Delaware) on this 25th day of March, two thousand eight, Moorish Calendar fourteen twenty eight.

*Ushango: Owens-Ali*
Ushango: Owens-Ali

Ushango: Owens-Ali ex rel. Ushango Owens SBI #240623
c/o H.C.I.
P.O. Box 9561
[illegible]

MAR 27' 2008 W/LB WILTON DE [illegible] PM

U.S.M.S.
R.FAY

Office of the Clerk
District Court of [for] United States
(DCUS)
844 N. King St. Lockbox 18
Wilmington Territory
Delaware — Republic J [19801]

DE (08)