IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

USHANGO OWENS,                    :
                                  :
          Plaintiff,              :
                                  :
     v.                           :   Civ. Action No. 07-365-JJF
                                  :
OFFICER FOX and OFFICER           :
KIRKLIN,                          :
                                  :
          Defendants.             :

---

Ushango Owens, <u>Pro</u> <u>se</u> Plaintiff.   Howard R. Young Correctional
Institution, Wilmington, Delaware.

---

**<u>MEMORANDUM OPINION</u>**

May 16, 2008
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Ushango Owens ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983.  He appears <u>pro se</u> and was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915.  (D.I. 4.)  Plaintiff's original Complaint was screened by the Court and was allowed to proceed against Defendants Officer Fox and Officer Kirklin for alleged Eighth Amendment violations.  All other Defendants were dismissed from the case. Plaintiff has since filed an Amended Complaint (D.I. 25) and a First Amended Complaint (D.I. 27).  Plaintiff will be required to seek leave of Court before filing future amended complaints.

For the reasons discussed below, the Court will dismiss the claims against Defendants Cpl. Snyder, Dr. Burgess, Mr. Emmitt, John Doe #2 HYRCI C/O, John Doe #3 HYRCI Civigenics Treatment Program Director, Kadiata Sillah B.S., Phil Morgan HYRCI Warden, Delaware Superior Court Judge Mary M. Johnston, assistant public defendant Kester I. Crosse, prosecutor Brian J. Robertson, John Doe #4 HYRCI Deputy Warden for Security, John Doe #5 HYRCI Deputy Warden for Administration, and the State of Delaware as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against Defendants Officer Fox, Officer Kirklin, Deleo, Sgt. Kurten, John Doe #1 HRYCI CMS

-1-

Medical Administrator, Lt. M/Sgt. Morrissey, Officer Puit, and
Dr. John Doe.  The Court will deny without prejudice Plaintiff's
Motion For The Appointment Of Counsel.

## I.    THE COMPLAINT

The Amended Complaints add as Defendants Deleo ("Deleo"),
Cpl. Snyder ("Snyder"), Sgt. Kurten ("Kurten"), Dr. Burgess ("Dr.
Burgess"), Mr. Emmitt ("Emmitt"), John Doe #1 HRYCI CMS Medical
Administrator ("CMS Doe #1"), John Doe #2 HYRCI C/O ("Doe #2"),
John Doe #3 HYRCI Civigenics Treatment Program Director ("Doe
#3"), Kadiata Sillah B.S. ("Sillah"), Phil Morgan HYRCI Warden
("Warden Morgan"), Lt. M/Sgt. Morrissey ("Morrissey"), Delaware
Superior Court Judge Mary M. Johnston ("Judge Johnston"),
assistant public defendant Kester I. Crosse ("Crosse"), and
prosecutor Brian J. Robertson ("Robertson"). (D.I. 25,¶¶ 4, 5, 6,
7, 8, 9, 10, 11, 19, 20, 21, prayer for relief ¶ 3; D.I. 27, ¶¶
5, 6, 8, 10, 11, 12, 13, 14, 15.)  The First Amended Complaint
adds as Defendants John Doe #4 HYRCI Deputy Warden for Security
("Doe #4"), John Doe #5 HYRCI Deputy Warden for Administration
("Doe #5"), the State of Delaware ("State of Delaware"),
Wilmington Police Office Puit ("Puit"), and Dr. John Doe ("Dr.
Doe").  (D.I. 27, ¶¶ 7, 9, 16, 19, 38.)

Plaintiff alleges that on February 8, 2007, Defendants
Kirklin and Fox ran him down with a state vehicle and "man
handled" him.  Plaintiff alleges that Kirklin and Fox used

"excessive force, police brutality, racial profiling and harassment." (D.I. 2, at 2.)  Plaintiff alleges that Kurten struck him on the back of his legs with his baton and that Deleo, Kurten, Kirklin, and Puit, while carrying batons used excessive force while Plaintiff was in "fetters and immobilized". (D.I. 25, ¶ 14; D.I. 27, ¶ 19.)  After the incident, Plaintiff was taken to the emergency room at Wilmington Hospital where he received treatment.  (D.I. 27, ¶ 20.)  Plaintiff was transferred to the HYRCI and he alleges that the medical staff there provided him with inadequate medical care and his broken hand healed crookedly.  (D.I. 27, ¶ 25.)  More particularly, Plaintiff alleges that Dr. Doe and CMS Doe #1 failed to provide for the removal, recast, follow-up examination, treatment, and physical therapy for his hand.  (D.I. 27, ¶ 38.)  Plaintiff alleges that his constitutional rights were violated by public servants including a state judge, a state prosecutor, and a defense attorney.  (D.I. 25, ¶ 16.)  Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)

-3-

provide that the Court may dismiss a complaint, at any time, if
the action is frivolous, malicious, fails to state a claim upon
which relief may be granted or seeks monetary relief from a
defendant immune from such relief.  An action is frivolous if it
"lacks an arguable basis either in law or in fact."  <u>Neitzke v.
Williams</u>, 490 U.S. 319, 325 (1989).

    In performing its screening function under § 1915(e)(2)(B),
the Court applies the standard applicable to a motion to dismiss
under Fed. R. Civ. P. 12(b)(6).  <u>Fullman v. Pennsylvania Dep't of
Corr.</u>, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007)
(citing <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).
The Court must accept all factual allegations in a complaint as
true and take them in the light most favorable to plaintiff.
<u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007).  A
complaint must contain "'a short and plain statement of the claim
showing that the pleader is entitled to relief,' in order to
'give the defendant fair notice of what the . . . claim is and
the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>,
-U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>,
355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

    A complaint does not need detailed factual allegations,
however, "a plaintiff's obligation to provide the 'grounds' of
his 'entitlement to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a

cause of action will not do." <u>Id</u>. at 1965 (citations omitted).
The "[f]actual allegations must be enough to raise a right to
relief above the speculative level on the assumption that all of
the allegations in the complaint are true (even if doubtful in
fact)." <u>Id</u>. (citations omitted).

Plaintiff is required to make a "showing" rather than a
blanket assertion of an entitlement to relief. <u>Phillips v.
County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008).
"[W]ithout some factual allegation in the complaint, a claimant
cannot satisfy the requirement that he or she provide not only
"fair notice," but also the "grounds" on which the claim rests.
<u>Id</u>. (citing <u>Twombly</u>, 127 S.Ct. at 1965 n.3). Therefore,
"'stating . . . a claim requires a complaint with enough factual
matter (taken as true) to suggest' the required element." <u>Id</u>. at
235 (quoting <u>Twombly</u>, 127 S.Ct. at 1965 n.3). "This 'does not
impose a probability requirement at the pleading stage,' but
instead 'simply calls for enough facts to raise a reasonable
expectation that discovery will reveal evidence of' the necessary
element." <u>Id</u>. at 234. Because Plaintiff proceeds <u>pro</u> <u>se</u>, his
pleading is liberally construed and his complaint, "however
inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers. <u>Erickson v. Pardus</u>, -U.S.-,
127 S.Ct. 2197, 2200 (2007) (citations omitted).

-5-

## III. DISCUSSION

### A.  Conclusory Allegations

Plaintiff alleges in a conclusory manner that Snyder and Morrissey used excessive force and/or failed to protect him in violation of his constitutional rights, and further that they committed assault and battery under Delaware law.  (D.I. 25, ¶ 17, 19; D.I. 27, ¶ 33, 34.)  Plaintiff merely makes a blanket assertion of an entitlement to relief.  See <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008).  The conclusory allegations against Morrissey and Snyder are insufficient to satisfy the requirement elements of Plaintiff's claims. Therefore, the Court will dismiss the excessive force and/or failed to protect, and assault and battery claims against Morrissey and Snyder pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Plaintiff will be allowed to proceed on his supervisory claim that Morrissey failed to discipline or take any action to curb the "known pattern of physical abuse" of non-resident aliens by Wilmington Police Officers.  (D.I. 27, ¶ 36.)

### B.  Judicial Immunity

Plaintiff alleges that the actions of Delaware Superior Judge Johnston violated his constitutional rights when she

-6-

refused to overturn, vacate, and void his conviction.[1]  (D.I. 25,

¶ 20.)  Judges are absolutely immune from suits for monetary

damages and such immunity cannot be overcome by allegations of

bad faith or malice.  <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991).

Furthermore, judicial immunity can only be overcome if the judge

has acted outside the scope of [her] judicial capacity or in the

"complete absence of all jurisdiction."  <u>Id</u>. at 11-12.  It is

clear from Plaintiff's allegations that he is dissatisfied with

Judge Johnston's rulings.  There are no allegations, however,

that she acted outside the scope of her judicial capacity, or in

the absence of her jurisdiction.  <u>Mireles</u>, 502 U.S. at 11.

Judge Johnston is immune from suit for monetary liability

under 42 U.S.C. § 1983.  Accordingly, Plaintiff's claims against

her lack an arguable basis in law or in fact and are dismissed as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

**C.  Prosecutorial Immunity**

Plaintiff alleges that prosecutor Robertson conducted the

"unauthorized practice of law" and violated his constitutional

rights.  As a prosecutor, Robertson has absolute immunity for all

activities relating to judicial proceedings.  <u>See</u> <u>Imbler v.</u>

<u>Pachtman</u>, 424 U.S. 409 (1976).  Indeed, prosecutors are

---

[1]Plaintiff references other judges in his First Amended
Complaint.  He did not, however, name them as Defendants.  Even
if he had, they are immune from suit.

-7-

absolutely immune for all actions performed in a "quasi-judicial" role. <u>Id</u>. at 430. A prosecutor's decision whether to initiate a prosecution is protected by absolute immunity because that decision "is at the core of a prosecutor's judicial role." <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (citing <u>Imbler</u>, 424 U.S. at 430-31).

Here, Plaintiff makes allegations, without factual support, that Robertson engaged in the unauthorized practice of law. The claim against Johnson has no arguable basis in law or in fact. It is frivolous and will be dismissed by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**D. State Actor**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." <u>West</u>, 487 U.S. at 49.

-8-

Assistant public defender Crosse is a named Defendant.[2] As alleged by Plaintiff, among other things, Crosse, refused to call witnesses and file motions as requested by Plaintiff. (D.I. 25, ¶ 21.) Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. Polk County v. Dodson, 454 U.S. 312 (1981); Harmon v. Delaware Secretary of State, 154 Fed. Appx. 283, 284-85 (3d Cir. 2005).

Plaintiff alleges that Dr. Burgess, an emergency room physician at Wilmington Hospital, failed to provide appropriate medical treatment in deliberate indifference to Plaintiff's serious medical needs.[3] (D.I. 25, ¶ 22, 23.) Wilmington Hospital is a not-for-profit, privately owned hospital. See

---

[2]Plaintiff references another public defender in his First Amended Complaint. He did not, however, name him as a Defendant. Even if he had, the claim would fail as public defenders do not act under color of state law.

[3]Plaintiff also raises a tort claim under Delaware law against Dr. Burgess and CMS Doe #1. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. Del. Code Ann. tit. 18 § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." Bonesmo v. Nemours Found., 253 F. Supp. 2d 801, 804 (D. Del.2003) (quoting Green v. Weiner, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); Del. Code Ann. tit. 18 § 6853. Plaintiff did not include an affidavit of merit signed by an expert witness, as is required. Therefore, the Court will dismiss the medical negligence claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

www.christianacare.org.  Quite simply, Dr. Burgess is not "clothed with the authority of state law."  See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d Cir. 2004).

Because assistant public defender Crosse and Dr. Burgess are not considered state actors, Plaintiff's claims against them fail under § 1983.  Therefore, the Court will dismiss the claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**E.  Eleventh Amendment**

Plaintiff alleges that the State of Delaware corporate entity is a legal entity distinct from the State of Delaware. Plaintiff apparently alleges this in a futile attempt to avoid the State's Eleventh Amendment immunity.  (D.I. 27, ¶ 40.) Plaintiff seeks compensatory and punitive damages from the State of Delaware.

Plaintiff's claim for monetary damages against the State of Delaware is barred by the State's Eleventh Amendment immunity. See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir. 2001).  The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974).

The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983.  <u>Brooks-McCollum v. Delaware</u>, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted).  Consequently, Plaintiff's claim against the State has no arguable basis in law or in fact and, therefore, it is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**F.   Habeas Corpus**

Plaintiff asks the Court to remand his criminal case to the lower State Courts pending his appeal and for a stay of execution.  To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus.  <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973). Plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983.  <u>Wallace v. Kato</u>,

-11-

-U.S.-, 127 S.Ct. 1091, 1097 (2007) (citing <u>Heck</u>, 512 U.S. at 486-87.)  The cause of action accrues at the time the imprisonment is invalidated.  <u>Gibson v. Superintendent of N.J. Dep't of Law and Public Safety Div.</u>, 411 F.3d 427, 435 (3d Cir. 2005); <u>see</u> <u>also</u> <u>Wallace</u>, 127 S.Ct. at 1091 (cause of action accrues when plaintiff is able to "file suit and obtain relief.").

Plaintiff has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by <u>Heck</u>. Indeed, the First Amended Complaint states that the criminal matter is on appeal.  Moreover, Plaintiff's claims against the State Court Judges, public defenders and prosecutor present the type of claims addressed in <u>Heck</u>; that is, a finding that Plaintiff's conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction.

To the extent Plaintiff seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous.  <u>Neitzke</u>, 490 U.S. at 326. Accordingly, the Court will dismiss the claims as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### G.  Personal Involvement

A defendant in a civil rights action must have personal involvement to be liable for alleged wrongs.  Additionally, a

-12-

civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988)

Plaintiff's allegations against Defendants Emmitt, Does #2, #3,#4, and #5, Sillah, and Warden Morgan fail inasmuch as there are no allegations that the foregoing Defendants were personally involved in Plaintiff's alleged constitutional deprivation. Plaintiff has made no showing that he is entitled to relief against these Defendants. As a result, the Defendants and the claims against them are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**F. Miscellaneous Claims**

Finally, the Amended Complaints utilize a shot-gun approach to include a number of statutes and other claims which are frivolous, such as UCC 1-201 and 1-103.6, 18 U.S.C. §§ 241-242, RICO, fraud, sedition, felony breach of fiduciary, and conspiracy. The Court will dismiss said claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

-13-

**IV.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff moves for appointment of counsel on the basis that he is unable to afford counsel, the issues are complex, he has limited law library access, and he has a limited knowledge of the law.  (D.I. 24.)  A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  It is within the Court's discretion to seek representation by counsel for Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected.  It is this Court's practice to dismiss without prejudice motions for appointment of counsel filed prior to service.  Based upon the foregoing, Plaintiff's request for appointment counsel will be denied without prejudice, with leave to refile following service.

-14-

## V.   CONCLUSION

For the reasons discussed above, the Court will deny without prejudice, Plaintiff's Motion For Appointment Of Counsel. (D.I. 24.)  The Court will dismiss the claims against Defendants Snyder, Dr. Burgess, Emmitt, Does #2, #3, #4, and #5, the State of Delaware, Sillah, Warden Morgan, Judge Johnston, Crosse, and Robertson for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  The Court will dismiss the excessive force and/or failure to protect claims, and assault and battery against Morrissey.  The Court will dismiss the State Law claims for medical negligence.  The Court will dismiss the miscellaneous claims such as UCC 1-201 and 1-103.6, 18 U.S.C. §§ 241-242, RICO, fraud, sedition, felony breach of fiduciary, and conspiracy as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  The Court will allow Plaintiff to proceed with the § 1983 claims against Defendants Fox, Kirklin, Deleo, Kurtin, Puit, CMS Doe #1, Dr. Doe, and the supervisory claim against Morrissey, as well as the assault and battery claims against Fox, Puit, Deleo, Kurten, and Kirklin.  An appropriate Order will be entered.

-15-