IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
USHANGO OWENS,                    :
                                  :
          Plaintiff,              :
                                  :
     v.                           :   Civ. Action No. 07-365-JJF
                                  :
GOVERNOR RUTH ANNE MINOR,         :
DELAWARE STATE EMPLOYEES,         :
OFFICER FOX, OFFICER KIRKLIN,     :
MAYOR JAMES BAKER, WILMINGTON     :
HOSPITAL EMERGENCY,               :
WILMINGTON POLICE DEPARTMENT,     :
and, GANDER HILL PRISON HRYCI,    :
                                  :
          Defendants.             :
```

**<u>ORDER</u>**

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

2.  Plaintiff's Motion For The Appointment Of Counsel is **<u>DENIED</u>**.  (D.I. 24.)

3.  The Clerk of the Court is Ordered to **<u>ADD</u>** the following Defendants to the Court Docket:  Deleo, Cpl. Snyder, Sgt. Kurten, Dr. Burgess, Mr. Emmitt, John Doe #1 HRYCI CMS Medical Administrator, John Doe #2 HYRCI C/O, John Doe #3 HYRCI Civigenics Treatment Program Director, Kadiata Sillah B.S., Phil Morgan HYRCI Warden, Lt. M/Sgt. Morrissey, Delaware Superior Court Judge Mary M. Johnston, assistant public defendant Kester I. Crosse, prosecutor Brian J. Robertson, John Doe #4 HYRCI Deputy Warden for Security, John Doe #5 HYRCI Deputy Warden for

Administration, the State of Delaware, Wilmington Police Office
Puit, and Dr. John Doe.

    4.  Plaintiff's claims against Defendants Cpl. Snyder, Dr.
Burgess, Mr. Emmitt, John Doe #2 HYRCI C/O, John Doe #3 HYRCI
Civigenics Treatment Program Director, Kadiata Sillah B.S., Phil
Morgan HYRCI Warden, Delaware Superior Court Judge Mary M.
Johnston, assistant public defendant Kester I. Crosse, prosecutor
Brian J. Robertson, John Doe #4 HYRCI Deputy Warden for Security,
John Doe #5 HYRCI Deputy Warden for Administration, and the State
of Delaware are **<u>DISMISSED</u>** as frivolous and for failure to state a
claim upon which relief may be granted pursuant to 28 U.S.C. §
1915(e)(2)(B) and § 1915A(b)(1).  These Defendants are **<u>DISMISSED</u>**
as Defendants in this case.

    5.  All medical negligence claims are **<u>DISMISSED</u>** as frivolous
and for failure to state a claim upon which relief may be granted
pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    6.  All miscellaneous such as UCC 1-201 and 1-103.6, 18
U.S.C. §§ 241-242, RICO, fraud, sedition, felony breach of
fiduciary, and conspiracy are **<u>DISMISSED</u>** as frivolous pursuant to
28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    7.  The excessive force and/or failed to protect, and
assault and battery claims against Lt. M/Sgt. Morrissey are
**<u>DISMISSED</u>** pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).  Plaintiff may **<u>PROCEED</u>** with the Eighth Amendment

supervisory claim against Lt. M/Sgt. Morrissey.

8. The Court has identified what appear to be cognizable Eighth Amendment claims against Defendants Officer Fox, Officer Kirklin, Deleo, Sgt. Kurten, John Doe #1 HRYCI CMS Medical Administrator, Officer Puit, and Dr. John Doe, as well as the State law assault and battery claims against Officer Fox, Officer Kirklin, Officer Puit, Deleo, and Sgt. Kurten. Plaintiff is allowed to **PROCEED** against these Defendants.

9. When Plaintiff learns the identity of the Doe defendants, he shall immediately move the Court for an order directing amendment of the caption and service of the Amended Complaints on them.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall provide the Court with **original** "U.S. Marshal-285" forms for **remaining Defendants Deleo, Sgt. Kurten, Lt. M/Sgt. Morrissey, and Officer Puit**. Plaintiff has provided USM-285 forms for Defendants Officer Kirklin, Officer Fox, and the Attorney General of the State of Delaware. **Plaintiff has provided the Court with copies of the Complaint (D.I. 2) for service upon the remaining Defendants and the Attorney General. Plaintiff shall also provide the Court with copies of the Amended Complaint (D.I. 25) and The First Amended Complaint (D.I. 27) for service upon the remaining Defendants and the Attorney General.**

-3-

**Plaintiff is notified that the United States Marshal will not serve the Complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court.  Failure to provide the "U.S. Marshal 285" forms for each remaining Defendant within 120 days from the date of this Order may result in the Complaint being dismissed or Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2.  Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the Complaint, the Amended Complaint, and First Amended Complaint (D.I. 2, 25, 27), the Court's February 21, 2008 Order (D.I. 18), this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendant(s) so identified in each 285 form.

3.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendants pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendants shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

4.  Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as

-4-

requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5.   No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6.   **NOTE: \*\*\*** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

7.   **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

May 16, 2008
_____
DATE

_____
UNITED STATES DISTRICT JUDGE

-5-