## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

USHANGO OWENS,           :
           :
      Plaintiff,        :
           :
    v.           :    C.A. No. 07-365 JJF
           :
GOVERNOR RUTH ANNE MINOR,  :
DELAWARE STATE EMPLOYEES,   :
OFFICER FOX, OFFICER KIRKLIN,  :
MAYOR JAMES BAKER, WILMINGTON:
HOSPITAL EMERGENCY,       :
WILMINGTON POLICE DEPARTMENT, :
and, GANDER HILL PRISON HRYCI,  :
           :
      Defendants.      :

## DEFENDANTS FOX, KIRLIN, DELEO, KURTEN, PUIT AND MORRISSEY'S
## ANSWER TO THE COMPLAINT (D.I. 2)

I. Previous Lawsuits

    A.    No allegations are set forth in this paragraph.  As such, no response is required from

Defendants.

II. Exhaustion of Administrative Remedies

    A.    The allegations contained herein are directed toward a party other than Answering

Defendants and no response is required from Answering Defendants.  To the extent

that a response is required, Answering Defendants are without sufficient knowledge

and/or information to admit or deny the allegations set forth in this paragraph of the

Complaint.

    B.    The allegations contained herein are directed toward a party other than Answering

Defendants and no response is required from Answering Defendants.  To the extent

that a response is required, Answering Defendants are without sufficient knowledge

and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

C(1-2)  The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

Defendants

1.  The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.

2.  The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.

3.  Admitted that Defendant Officers Robert Fox and MacKenzie Kirlin are employed by the Wilmington Police Department and that their business address is 300 Walnut Street, Wilmington, DE.

Statement of Claim

1.  The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

2.  The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants. To the extent

that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

3.    Denied.

Relief

1.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The actions and conduct of Defendants did not rise to the level of a Constitutional violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

The actions and conduct of Defendants were objectively reasonable under the circumstances which Defendants were aware, therefore, their actions did not violate Plaintiff's Constitutional rights.

### FIFTH AFFIRMATIVE DEFENSE

The actions and conduct of Defendants did not violate any clearly established Constitutional or Federal statutory rights of which Defendants reasonably should have been aware, and they are therefore entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

The actions and conduct of Defendants were undertaken in the good faith performance of their official duties, without wantonness or malice, and were therefore privileged and immune.  10 Del. C. §4010 et seq.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited to 10 Del. C. §4013 et seq.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may have been injured, Defendants were not the proximate cause of any such injuries.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were proximately caused by his own wrongful, wanton, willful, reckless, and/or negligent acts.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish supervisory liability with regard to his claims against Defendant Morrisey.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Fox was not present at the time Plaintiff was arrested and taken into custody.

**WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, assess costs and reasonable attorney's fees against Plaintiff, and order such other relief as this Court deems appropriate.

/s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (DE Bar I.D. #3546)
First Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants Fox, Kirlin, DeLeo, Kurten, Puit, and Morrissey

Dated:   August 11, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

USHANGO OWENS,                    :
                                  :
            Plaintiff,            :
                                  :
      v.                          :      C.A. No. 07-365 JJF
                                  :
GOVERNOR RUTH ANNE MINOR,         :
DELAWARE STATE EMPLOYEES,         :
OFFICER FOX, OFFICER KIRKLIN,     :
MAYOR JAMES BAKER, WILMINGTON:
HOSPITAL EMERGENCY,               :
WILMINGTON POLICE DEPARTMENT,  :
and, GANDER HILL PRISON HRYCI,    :
                                  :
            Defendants.           :

**DEFENDANTS FOX, KIRLIN, DELEO, KURTEN, PUIT AND MORRISSEY'S**
**ANSWER TO THE AMENDED COMPLAINT (D.I. 25)**

Preliminary Statement

        The allegations contained herein state a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations contained in this paragraph are denied.

Jurisdiction

1.     The allegations contained herein states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations contained in this paragraph are denied.

2.     The allegations contained herein states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations contained in this paragraph are denied.

3.     Admitted upon information and belief that Plaintiff Ushango Owens is currently

incarcerated.  Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

4.    Admitted that Defendant Officers Robert Fox, James DeLeo, Matthew Kurten, and MacKenzie Kirlin are employed by the Wilmington Police Department.  Denied that they are employed at "New Castle County, Inc."

5.    Denied that members of the Wilmington Police Department assaulted or used excessive force against Plaintiff.  The remaining allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

6.    The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

7.    The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

8.    The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent

that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

9.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

10.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

11.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

12.     The allegations contained herein states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations contained in this paragraph are denied.

Misuse of Force

13.     Admitted that when Plaintiff refused to obey the verbal commands of Defendant

Kurten to stop and continued to actively resist the police by fleeing from them, Defendant Kurten deployed his departmentally issued taser to stop Plaintiff's flight. It is also admitted that the taser did not have an effect on Plaintiff as evidenced from the fact that Plaintiff continued to run from the officers.

14. Admitted that Defendant Kurten struck Plaintiff in his thigh area with his departmentally issued ASP when Plaintiff continued to resist arrest by running, ignored Defendant's verbal commands to stop and the taser did not work.

15. Denied.

Denial of Due Process

16. The allegations contained herein states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations contained in this paragraph are denied.

Claims for Relief

17. Denied.

18. Denied.

19. Denied.

20. The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

21. The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants. To the extent

that a response is required, Answering Defendants are without sufficient knowledge

and/or information to admit or deny the allegations set forth in this paragraph of the

Complaint.

22.     The allegations contained herein are directed toward a party other than Answering

Defendants and no response is required from Answering Defendants.  To the extent

that a response is required, Answering Defendants are without sufficient knowledge

and/or information to admit or deny the allegations set forth in this paragraph of the

Complaint.

23.     The allegations contained herein are directed toward a party other than Answering

Defendants and no response is required from Answering Defendants.  To the extent

that a response is required, Answering Defendants are without sufficient knowledge

and/or information to admit or deny the allegations set forth in this paragraph of the

Complaint.

Relief Requested

A- F.   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

24.     Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

25.     The Court lacks jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

26.     The actions and conduct of Defendants did not rise to the level of a Constitutional

violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights.

## FOURTH AFFIRMATIVE DEFENSE

27.     The actions and conduct of Defendants were objectively reasonable under the circumstances which Defendants were aware, therefore, their actions did not violate Plaintiff's Constitutional rights.

## FIFTH AFFIRMATIVE DEFENSE

28.     The actions and conduct of Defendants did not violate any clearly established Constitutional or Federal statutory rights of which Defendants reasonably should have been aware, and they are therefore entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

29.     The actions and conduct of Defendants were undertaken in the good faith performance of their official duties, without wantonness or malice, and were therefore privileged and immune.  10 Del. C. §4010 et seq.

## SEVENTH AFFIRMATIVE DEFENSE

30.     Plaintiff's damages, if any, are limited to 10 Del. C. §4013 et seq.

## EIGHTH AFFIRMATIVE DEFENSE

31.     To the extent that Plaintiff may have been injured, Defendants were not the proximate cause of any such injuries.

## NINTH AFFIRMATIVE DEFENSE

32.     Plaintiff's injuries, if any, were proximately caused by his own wrongful, wanton, willful, reckless, and/or negligent acts.

## TENTH AFFIRMATIVE DEFENSE

33.     Plaintiff has failed to establish supervisory liability with regard to his claims against Defendant Morrisey.

**ELEVENTH AFFIRMATIVE DEFENSE**

34.     Defendant Fox was not present at the time Plaintiff was arrested and taken into custody.

**WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, assess costs and reasonable attorney's fees against Plaintiff, and order such other relief as this Court deems appropriate.


 /s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (DE Bar I.D. #3546)
First Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants Fox, Kirlin, DeLeo, Kurten, Puit, and Morrissey


Dated:    August 11, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

USHANGO OWENS,                                    :
                                                  :
                       Plaintiff,                 :
                                                  :
          v.                                      :        C.A. No. 07-365 JJF
                                                  :
GOVERNOR RUTH ANNE MINOR,                         :
DELAWARE STATE EMPLOYEES,                         :
OFFICER FOX, OFFICER KIRKLIN,                     :
MAYOR JAMES BAKER, WILMINGTON                     :
HOSPITAL EMERGENCY,                               :
WILMINGTON POLICE DEPARTMENT,                     :
and, GANDER HILL PRISON HRYCI,                    :
                                                  :
                       Defendants.                :

**<u>DEFENDANTS FOX, KIRLIN, DELEO, KURTEN, PUIT AND MORRISSEY'S
ANSWER TO THE AMENDED COMPLAINT (D.I. 27)</u>**

<u>Preliminary Statement</u>

      The allegations contained herein state a legal conclusion to which no response is

necessary.  To the extent that a response is required, the allegations contained in

this paragraph are denied.

<u>Jurisdiction</u>

1.     The allegations contained herein states a legal conclusion to which no response is

      necessary.  To the extent that a response is required, the allegations contained in

      this paragraph are denied.

2.     The allegations contained herein states a legal conclusion to which no response is

      necessary.  To the extent that a response is required, the allegations contained in

      this paragraph are denied.

3.     The allegations contained herein states a legal conclusion to which no response is

necessary.  To the extent that a response is required, the allegations contained in this paragraph are denied.

4.      Admitted upon information and belief that Plaintiff Ushango Owens is currently incarcerated.  Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

5.      Admitted that Defendant Officers Robert Fox, James DeLeo, Matthew Kurten, MacKenzie Kirlin, and Michael Morrissey are employed by the Wilmington Police Department.

6.      The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

7.      The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

8.      The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this

paragraph of the Complaint.

9.       The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

10.      The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

11.      The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

12.      The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

13.      The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the

extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

14.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.   To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

15.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.   To the extent that a response is required, the allegations contained in this paragraph are denied.

16.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.   To the extent that a response is required, the allegations contained in this paragraph are denied.

17.     Denied.

Facts

18.     Denied.

Misuse of Force

19.     Denied.

20.     Admitted that Plaintiff was transported to the Wilmington Hospital Emergency Room by members of the Wilmington Police Department where he was seen by a

physician. Denied that Plaintiff was assaulted. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

Denial of Due Process

21.     Denied that any Wilmington Police officers harassed Plaintiff. The remaining allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

22.     Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

23.     Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

24.     Denied.

25.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

26.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants. Further, this paragraph states a legal conclusion to which no response is necessary. To the

extent that a response is required, the allegations contained in this paragraph are denied.

27.    Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

28.    The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  Further, this paragraph states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations contained in this paragraph are denied.

29.    The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  Further, this paragraph states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations contained in this paragraph are denied.

30.    The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

Denial of Medical Care

31.    The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants are without sufficient

knowledge and/or information to admit or deny the allegations set forth in this
paragraph of the Complaint.

32.  The allegations contained herein are directed toward a party other than Answering
Defendants and no response is required from Answering Defendants.  To the
extent that a response is required, Answering Defendants are without sufficient
knowledge and/or information to admit or deny the allegations set forth in this
paragraph of the Complaint.

Claims for Relief

33.  Denied.

34.  Denied.

35.  Denied.

36.  The allegations contained herein are directed toward a party other than Answering
Defendants and no response is required from Answering Defendants.  To the
extent that a response is required, Answering Defendants are without sufficient
knowledge and/or information to admit or deny the allegations set forth in this
paragraph of the Complaint.

37.  The allegations contained herein are directed toward a party other than Answering
Defendants and no response is required from Answering Defendants.  To the
extent that a response is required, Answering Defendants are without sufficient
knowledge and/or information to admit or deny the allegations set forth in this
paragraph of the Complaint.

38.  The allegations contained herein are directed toward a party other than Answering
Defendants and no response is required from Answering Defendants.  To the

extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

39.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.   To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

40.     The allegations contained herein are directed toward a party other than Answering Defendants and no response is required from Answering Defendants.   To the extent that a response is required, Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

Relief Requested

A-F.     Denied.

Alternate Version of Damage Demand

D-E.     Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

41.     Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

42.     The Court lacks jurisdiction.

**THIRD AFFIRMATIVE DEFENSE**

43.    The actions and conduct of Defendants did not rise to the level of a Constitutional violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

44.    The actions and conduct of Defendants were objectively reasonable under the circumstances which Defendants were aware, therefore, their actions did not violate Plaintiff's Constitutional rights.

### FIFTH AFFIRMATIVE DEFENSE

45.    The actions and conduct of Defendants did not violate any clearly established Constitutional or Federal statutory rights of which Defendants reasonably should have been aware, and they are therefore entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

46.    The actions and conduct of Defendants were undertaken in the good faith performance of their official duties, without wantonness or malice, and were therefore privileged and immune.  10 Del. C. §4010 et seq.

### SEVENTH AFFIRMATIVE DEFENSE

47.    Plaintiff's damages, if any, are limited to 10 Del. C. §4013 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

48.    To the extent that Plaintiff may have been injured, Defendants were not the proximate cause of any such injuries.

### NINTH AFFIRMATIVE DEFENSE

49.    Plaintiff's injuries, if any, were proximately caused by his own wrongful, wanton, willful, reckless, and/or negligent acts.

### TENTH AFFIRMATIVE DEFENSE

50.   Plaintiff has failed to establish supervisory liability with regard to his claims against Defendant Morrisey.

### ELEVENTH AFFIRMATIVE DEFENSE

51.   Defendant Fox was not present at the time Plaintiff was arrested and taken into custody.

**WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, assess costs and reasonable attorney's fees against Plaintiff, and order such other relief as this Court deems appropriate.


 /s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (DE Bar I.D. #3546)
First Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants Fox, Kirlin, DeLeo, Kurten, Puit, and Morrissey


Dated:   August 11, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| USHANGO OWENS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-365 JJF |
| | : | |
| GOVERNOR RUTH ANNE MINOR, | : | |
| DELAWARE STATE EMPLOYEES, | : | |
| OFFICER FOX, OFFICER KIRKLIN, | : | |
| MAYOR JAMES BAKER, WILMINGTON | : | |
| HOSPITAL EMERGENCY, | : | |
| WILMINGTON POLICE DEPARTMENT, | : | |
| and, GANDER HILL PRISON HRYCI, | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Rosamaria Tassone, Esquire, hereby certify that on this 11th day of August, 2008, I filed the Defendants Fox, Kirlin, Deleo, Kurten, Puit and Morrissey's Answer to the Amended Complaint (D.I. 27), Defendants Fox, Kirlin, Deleo, Kurten, Puit and Morrissey's Answer to the Amended Complaint (D.I 25) and Defendants Fox, Kirlin, Deleo, Kurten, Puit and Morrissey's Answer to the Amended Complaint (D.I 2) with the Clerk of Court using CM/ECF which will send notification of such filing(s) and that this document is available for viewing and downloading from CM/ECF. A copy of this document was also served by U.S. Mail, postage pre-paid to the following individual:

Ushango Owens (SBI #240623)
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

 /s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (DE Bar I.D. #3546)
First Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801