```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

| | |
|---|---|
| USHANGO OWENS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-365-JJF |
| GOVERNOR RUTH ANNE MINOR, et al., | : |
| Defendants. | : |

### MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion For Reconsideration (D.I. 47) and two Motions To Compel (D.I. 48; D.I. 60).

**I. BACKGROUND**

Plaintiff Ushango Owens ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears pro se and has been given leave to proceed without prepayment of fees.

**II. PENDING MOTIONS**

    **A.   Motion For Reconsideration (D.I. 47)**

On September 26, 2008, the Court denied Plaintiff's Motion For Default Judgment. (D.I. 44.) On January 8, 2009, Plaintiff filed a Motion For Good Cause Shown which the Court construes as

a Motion For Reconsideration of the Court's September 26, 2008 Order. (D.I. 47.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id.

Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the Court's September 26, 2008 Order denying Plaintiff's Motion For Default Judgment. Therefore, the Court will deny the Motion.

**B.  First Motion To Compel (D.I. 48)**

On January 8, 2009, Plaintiff filed his first motion to compel, a Motion For An Order Compelling Discovery. (D.I. 48.) Plaintiff seeks an order compelling Defendants to answer interrogatories and to produce certain documents. He also seeks reasonable expenses. The Court docket indicates that Plaintiff filed a Request For Production Of Documents on March 6, 2008

(D.I. 21) and Interrogatories and a Request For Production Of Documents on March 6, 2008 (D.I. 23).

Defendants initially responded that Plaintiff's Motion was premature inasmuch as they were never served with Plaintiff's first Request For Production Of Documents. (D.I. 49.) Additionally, they were unaware of the March 6, 2008 discovery request since it was filed by Plaintiff prior to the time they were served with the Complaint. Defendants nevertheless stated that they would respond to Plaintiff's discovery requests, and they did so on March 27, 2009. (See D.I. 57; D.I. 58.) Accordingly, the Court will deny Plaintiff's first Motion to Compel as moot.

### C. Second Motion To Compel (D.I. 60)

On June 5, 2009, Plaintiff filed a Motion for Order Compelling Party to Answer Interrogatories Objected to Pursuant to F.R.C.P. 37(A) Against State of Delaware's Defendants and Defendants Prison Health Services. (D.I. 60.) In this Motion, Plaintiff first contends that Defendants failed to respond to his earlier discovery requests in a timely fashion. However, as explained above, this was due to the fact that Defendants were not properly served with the requests at the time Plaintiff filed them with the Court.

3

Plaintiff next contends that Defendants have provided inadequate explanations of their objections to Interrogatories 8-16 in Plaintiff's First Set of Interrogatories, (D.I. 51), and requests that the Court compel Defendants to explain their objections to these Interrogatories with greater specificity. Federal Rule of Civil Procedure 33 provides, in pertinent part, that "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). The objecting party "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." Josephs, 677 F.2d at 992 (internal quotations and citations omitted).

Upon reviewing Defendants' objections to Plaintiff's Interrogatories, the Court concludes that where Defendants have objected to Plaintiff's Interrogatories, they have done so with the required specificity. The least detailed response, to

4

Interrogatory 11,[1] reads, "Objection.  Answering Defendants object to this interrogatory on the basis that it is broad, vague, ambiguous, irrelevant, and may call for information that is privileged and confidential."  (D.I. 58 ¶ 11.)  In the Court's view, Defendants' response to Interrogatory 11 is adequate.  Defendants correctly note in their Answer to Plaintiff's Motion to Compel that "Plaintiff does not define the broad phrases 'responding to, investigating the area . . .' and 'handling arrests.'" (D.I. 61 ¶ 6.)  Given this vagueness and Defendants' recent clarification that "[c]ertainly there is no procedure specific to the area of '4th and Connell Street,'" (id.), the Court concludes that Defendants' objection to Interrogatory 11 is made with the required specificity.

As for the other objections, they all include additional details by reference to discovery documents previously submitted to Plaintiff.  (See, e.g., D.I. 58 ¶ 8 ("Subject to, and without waiving Answering Defendants' objections, please see document

---

[1] Plaintiff's Interrogatory No. 11 is as follows: "11. State the procedure in effect during February, 2007 at the Wilmington Police Department for responding to, investigating the area of 4th and Connell Street on February 8, 2007.  If the procedure for handling arrests of felonies under state statutes is different from the procedures for handling arrest under the Delaware and United States Constitutions, state both procedures.  If those directives or procedures are set forth in any directive, manual, or other document, produce the document."  (D.I. 51 ¶ 11.)

Bates stamped 000065.").) Several objections assert that answering the objectionable interrogatory would call for a legal argument. (E.g., id. ¶ 13.) Others include specific denials. (See, e.g., id. ¶ 14 ("It is denied that Defendant Kirlin committed assault and battery and hit Plaintiff with her vehicle.").) The Court therefore concludes that all objections have been made with the required specificity.

### III. REQUEST FOR AN EXTENSION

In a Status Letter, (D.I. 63), dated June 29, 2009, Defendants note that the Court had not responded to Plaintiff's earlier request for a "continuance" in his Notice to the Court (D.I. 46). Defendants further note that they did and do not oppose an extension of discovery or case dispositive motion deadlines, and they request an extension of the case dispositive motion deadline. Because the Court has resolved the three Motions discussed above and because the January 30, 2009 discovery deadline has passed, discovery is now complete. Accordingly, the Court will grant the parties' request for an extension only with regard to the case dispositive motion deadline.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion For Reconsideration is **DENIED**. (D.I. 47.)

2. Plaintiff's first Motion To Compel is **DENIED** as moot. (D.I. 48.)

3. Plaintiff's second Motion To Compel is **DENIED**. (D.I. 60.)

4. Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an Opening Brief within thirty (30) days of the issuance of this Memorandum Order.

July 10, 2009
DATE

[signature]
UNITED STATES DISTRICT JUDGE