IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| USHANGO OWENS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-365-JJF |
| OFFICER FOX, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's Motions. (D.I. 65, 67, 68, 69.)

**I. BACKGROUND**

Plaintiff Ushango Owens ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears pro se and has been given leave to proceed without prepayment of fees. The discovery deadline expired on January 30, 2009 (D.I. 45), the dispositive motion deadline expired August 10, 2009 (D.I. 64), the deadline for filing motions regarding qualified immunity including completed briefing expired September 9, 2009 (D.I. 66), and a Pretrial Conference is set for October 8, 2009 (D.I. 66).

## II. PENDING MOTIONS

### A. Motion For Pretrial Conference And To Amend

Plaintiff moves for a pretrial conference and to amend the Complaint. (D.I. 65.) The Court will deny as moot the Motion For Pretrial Conference. The Pretrial Conference is set for October 8, 2009.

Plaintiff also moves to amend to add the "correct constitutional or statutory basis of federal jurisdiction, pretrial exhibits, and the initial nature of the action." (D.I. 65.) Defendants oppose the Motion.

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D.Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the

2

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

Subsequent to filing his Complaint, Plaintiff filed an Amended Complaint and a First Amended Complaint. (See D.I. 2, 25, 27.) The discovery deadline has expired and a dispositive motion has been filed. (D.I. 70.)

Plaintiff states that he wishes to add a "correct constitutional or statutory basis of federal jurisdiction." Inasmuch as he filed his Complaint pursuant to 42 U.S.C. § 1983 it is evident that he raises a federal question and that is the basis for this Court's jurisdiction. Plaintiff also indicates that he wishes to add pretrial exhibits. Plaintiff will have an opportunity to produce exhibits, either in response to

Defendants' Motion For Summary Judgment or, at trial, should the case survive summary judgment. Plaintiff indicates that he wishes to add the initial nature of the action. His Complaint and Amendments, however, contain this information. Finally, the Court finds that allowing Plaintiff to amend at this late date is unduly prejudicial to Defendants. The discovery deadline has expired and a Motion For Summary Judgment has been filed. For the above reasons, the Court will deny the Motion To Amend. (D.I. 65.)

### B. Request For Counsel

Plaintiff requests counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex, he has limited law library access and knowledge of the law, counsel would better enable him to present evidence and cross-examine witnesses, and he has made repeated unsuccessful efforts to obtain a lawyer. (D.I. 67.)

Although a plaintiff does not have a constitutional or statutory right to an attorney in a civil case, a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d

4

Cir. 1993)(citing <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984)). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498-99 (3d Cir. 2002); <u>Tabron</u>, 6 F.3d at 155-56.

Up to this point, Plaintiff has ably represented himself in this case. After reviewing Plaintiff's Motion and the documents filed, the Court concludes that the case is not so factually or legally complex at this juncture that requesting an attorney to represent Plaintiff is warranted. Additionally, Plaintiff's filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny Plaintiff's Request For Counsel without prejudice to renew. (D.I. 67.)

### C. Discovery

Plaintiff moves the Court for leave to depose Defendants Robert Fox, Officer Kirlin, Officer Kurten, Officer Puit, Officer Deleo, and Officer Morrissey. (D.I. 68.) Defendants oppose the Motion.

The discovery deadline has long passed and the case is set for a Pretrial Conference, yet Plaintiff gives no explanation why he waited until this late date to seek the depositions of Defendants. Although Plaintiff is incarcerated, he is expected to prosecute his case in accordance with Court deadlines. The Court finds that it would be unduly prejudicial to Defendants to reopen discovery at this late stage of the litigation. Therefore, the Court will deny the Motion. (D.I. 68.)

### D. Case Dispositive Hearing

While Plaintiff's Motion seeks a case dispositive hearing, the body of the Motion seeks to depose Defendants. (D.I. 69.) For reasons stated in II. C. above, the Court will deny the Motion. (D.I. 69.)

### III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion For Pretrial Conference is **DENIED** as **moot** and To Amend/Correct is **DENIED**. (D.I. 65.)

2. Plaintiff's Request For Counsel is **DENIED** without prejudice. (D.I. 67.)

      3.    Plaintiff's Motion To Take Depositions Of Defendants is **DENIED**.  (D.I. 68.)

      4.    Plaintiff's Motion For Case Dispositive Hearing is **DENIED**.  (D.I. 69.)

October 1, 2009
DATE

*(signature)* Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE